**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| AMBAC ASSURANCE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:16-CV-256-L** |
| LONESTAR CAPCO FUND, LLC and LONESTAR CAPCO MANAGEMENT, LLC, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Request for Entry of Default and Entry of Default Judgment (Doc. 21), filed June 1, 2016. The court will treat this document as a Motion for Default Judgment against Defendants Lonestar CAPCO Fund, LLC and Lonestar CAPCO Management, LLC. After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment Against Lonestar CAPCO Fund, LLC and Lonestar CAPCO Management, LLC (Doc. 21).

**I.     Background**

Plaintiff Ambac Assurance Corporation ("Plaintiff" or "Ambac") filed Plaintiff's Complaint on January 29, 2016, against Defendants Lonestar CAPCO Fund, LLC and Lonestar CAPCO Management, LLC (collectively, "Defendants" or "Lonestar") for breach of contract. On February 12, 2016, the court ordered Plaintiff to set forth further allegations regarding the citizenship of CAPCO Fund and CAPCO Management. Accordingly, Ambac filed its First

**Memorandum Opinion and Order – Page 1**

Amended Original Complaint ("Amended Complaint") on February 19, 2016 (Doc. 10), and the amended pleading cured the jurisdictional deficiencies identified by the court.

Defendants were served with a copy of the summons and Plaintiff's Original Complaint on February 11, 2016. Defendants were also served with a copy of the summons and Plaintiff's First Amended Complaint on February 27, 2016. Defendants normally would have been required to answer or otherwise respond to the Amended Complaint by March 19, 2016, 21 days after service of the summons and Amended Complaint. *See* Fed. R. Civ. P. 12. As March 19, 2016, was a Saturday, Defendants were required to answer or otherwise respond to the Amended Complaint by March 21, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C). To this date, Defendants have not answered or otherwise responded to the Complaint or Amended Complaint.

On June 1, 2016, Plaintiff requested the clerk of court to enter a default against Defendants, and the clerk made an entry of default against Defendants the same day. Plaintiff now requests the court to enter a default judgment against Defendants and award it damages and applicable interest as a result of their default.

**II. Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants. The court also finds, based upon the information in the record, that Defendants are not minors, incompetent persons, or members of the United States military.

Defendants, by failing to answer or otherwise respond to Plaintiff's Amended Complaint, have admitted the well-pleaded allegations of the Amended Complaint and are precluded from

**Memorandum Opinion and Order – Page 2**

contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, Defendants may not contest the "sufficiency of the evidence" on appeal but "[are] entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Based on the well-pleaded allegations of Plaintiff's Amended Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants Lonestar CAPCO Fund, LLC, and Lonestar CAPCO Management, LLC are in default and that Ambac is entitled to a default judgment and appropriate damages.

Based on the record, as of May 31, 2016, Defendants Lonestar CAPCO Fund, LLC and Lonestar CAPCO Management, LLC have failed to pay $258,000 that is due and the late interest. As of May 31, 2016, the amount of the late interest owed is $61,909.13. Therefore, the total amount of judgment to which Ambac is entitled is **$319,909.13**.[*]

### III. Conclusion

For the reasons herein stated, the court **grants** Ambac's Motion for Default Judgment (Doc. 21), and Plaintiff is entitled to and shall recover from Defendants Lonestar CAPCO Fund, LLC, and Lonestar CAPCO Management, LLC, the amount of **$319,909.13**. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of Ambac.

---

[*] By order dated September 21, 2018 (Doc. 23), the court offered Ambac an opportunity to supplement the amount of late interest due on the note; however, Ambac did not file any supplementation with respect to the additional interest due since May 31, 2016. Accordingly, the court only awards interest that was due as of May 31, 2016.

**Memorandum Opinion and Order – Page 3**

**It is so ordered** this 31st day of January, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge